IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARMANDO CABALLERO, <br> TDCJ # 602232, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. H-14-03597 |
| WILLIAM STEPHENS, *et al.*, | § <br> § <br> § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

State inmate Armando Caballero (TDCJ # 602232) filed this lawsuit under 42 U.S.C. § 1983, alleging violations of his civil rights while he was incarcerated at the Byrd Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively "TDCJ") near Huntsville, Texas. He names the following TDCJ Director William Stephens and TDCJ Region III Coordinator S. James as the defendants to this action. Caballero proceeds *pro se* and has moved for leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that Caballero's motion for pauper's status should be **granted** and that this case must be **dismissed** for reasons that follow.

## I. BACKGROUND

Caballero alleges that he arrived at the Byrd Unit (a TDCJ unit where inmates

are often initially processed when entering the TDCJ system) and that his property was inventoried but was never delivered to him [Doc. # 1, at 1]. He further alleges that he attempted to resolve the matter by filing Step 1 and Step 2 grievances. He also states that a medical administrator at the TDCJ Jester III telephoned the Byrd Unit property officer. Caballero complains that the only response he received was a request for an extension of time to answer the grievance and that his grievance paperwork has not been returned to him. Caballero seeks the return of his property or $2,500 in compensation for his loss.

## II. STANDARD OF REVIEW

This civil action is subject to review under 28 U.S.C. § 1915(e)(2)(B), which applies to all litigants proceeding *in forma pauperis*. Under this statute, a district court "shall dismiss" any *in forma pauperis* action under § 1915(e)(2)(B) if the court determines that the complaint is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. In conducting this analysis, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A court may dismiss a complaint as frivolous under § 1915(e)(2)(B) "if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

### III.  DISCUSSION

Caballero asserts that his rights were violated under 42 U.S.C. § 1983. This statute provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law. 42 U.S.C. § 1983; *Breen v. Texas A&M Univ.*, 485 F.3d 325, 332 (5th Cir. 2007). To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys*, 675 F.3d 849, 854 -855 (5th Cir.2012) (To state a claim under 42 U.S.C. § 1983, "a plaintiff must

(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.") (citing *James v. Tex. Collin Cnty.,* 535 F.3d 365, 373 (5th Cir.2008)).

### A. Loss of Property - No Denial of Due Process

Caballero's claim concerns an alleged wrongful taking of his personal property. An unauthorized taking of an inmate's property is not actionable in a prisoner civil rights action where the state provides a remedy. *Hudson v. Palmer*, 104 S.Ct. 3194 (1984); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (confiscation of property without providing confiscation form, as required by prison regulations, is not a violation of due process rights); *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988); *see also Thornton v. Merchant*, 526 F. App'x 385, 387 (5th Cir. 2013) (citing *Brewster*, at 768). Caballero's constitutional due process rights have not been violated because the Texas tort of conversion provides an adequate state remedy. *Brewster*, 587 F.3d at 768 (citing *Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994)). *See also Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995) (Texas law provides an adequate remedy for unauthorized taking of property). Caballero fails to assert a § 1983 claim because he has not demonstrated that there is no state remedy available to him. *Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010).

## B. No Violation Based on Denial of Grievances

Liberally construed, Cabellero's pleadings also present a complaint concerning the lack of response to his grievances. His claims regarding the alleged failure to act on his grievances have no basis in law. A prisoner does not have a federally protected liberty interest in having his grievances decided in his favor. *Morris v. Cross*, 476 F.App'x 783, 785 (5th Cir. 2012) (citing *Geiger*, 404 F.3d at 374). Under the PLRA, prisoners must utilize the administrative grievance process before filing a civil rights complaint. 42 U.S.C. § 1997e(a); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The TDCJ has a two step system which must be completed before the process is considered exhausted. *Johnson*, 385 F.3d at 515 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). While an inmate must file a grievance addressing the perceived violation and complete the administrative process before filing a complaint, there is no guarantee that the outcome will be favorable. *See, e.g.*, *Jones v. North Carolina Prisoners Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are "constitutionally mandated"); *Morris,* 476 F.App'x at 785 (citing *Geiger*, 404 F.3d at 374; *Martin v. Scott*, 156 F.3d 576, 578 (5th Cir. 2012)).

Caballero names two high level administrators as the defendants and appears

to contend that they are liable for their failure to act in response to his complaints. Caballero fails to assert facts which show that the named individuals were personally involved in the alleged wrongful taking of his property. He cannot establish a civil rights claim against persons with whom he has had no direct contact and who are only tangentially involved due to the actions of their subordinates. *Anderson v. Pasadena Independent School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). *See also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) ("There is no respondeat superior liability under section 1983."). Caballero's dissatisfaction with the lack of responses to his grievances does not support an actionable claim. *See Geiger*, 404 F.3d at 374.

Having reviewed Caballero's claims and allegations, the Court concludes that his complaint is based on an indisputably meritless legal theory and has no basis in law. *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997). Therefore, this action shall be dismissed as legally frivolous. 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

Based on the foregoing, Caballero fails to state any claim that is not frivolous or upon which relief may be granted. The Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. Officials at the TDCJ Inmate Trust Fund are **ORDERED** to deduct funds from the inmate trust account of Armando Caballero (TDCJ

# 602232) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

**The Clerk is directed to provide copies to the parties. The Clerk will also provide a copy of this memorandum and order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ-CID Inmate Trust Fund, P.O. Box 60, Huntsville, Texas 77342-0060, Fax Number (936) 437-4793; (2) the TDCJ – Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three Strikes List.**

SIGNED at Houston, Texas on ___December 19___, 2014.

_____
Nancy F. Atlas
United States District Judge